UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| PETER RATCLIFFE and PAULA MITCHELL, | ) | 3:19-CV-01842 (KAD) |
| --- | --- | --- |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LIBERTY HOME EQUITY, *also known as* OCWEN FINANCIAL, *also known as* PHH MORTGAGE, | ) | |
| *Defendant*. | ) | November 19, 2019 |

# ORDER DISMISSING CASE

Kari A. Dooley, United States District Judge

Upon review of the Plaintiffs' motion to proceed *in forma pauperis,* it appears that they are unable to pay the filing fee and that they should be permitted to proceed *in forma pauperis.* The Motion to Proceed *in forma pauperis* is GRANTED. (ECF No. 2.)

However, the Complaint is *sua sponte* dismissed for lack of subject matter jurisdiction. *United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("Where jurisdiction is lacking . . . dismissal is mandatory."); *see* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").

As a preliminary matter, the Court notes that it "may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) (citing *Kramer v. Time Warner Inc.,* 937 F.2d 767, 774 (2d Cir. 1991)). Here, the Court takes judicial notice of the housing matter cited by the

Plaintiffs in their Complaint, *Liberty Home Equity Solutions, Inc. v. Arnold*, No. HFH-CV19-6013382-S (Conn. Super. Ct. filed June 25, 2019). In reviewing the docket for that state court housing proceeding, and the allegations of the Complaint in their entirety, this Court concludes that it lacks subject matter jurisdiction over the claims asserted in the Plaintiffs' Complaint.

The Complaint contains a series of seemingly disjointed allegations which, without more, make it very difficult to identify the nature of any of the legal claims asserted therein. Using the form complaint for this District, the Plaintiffs assert in the "Statement of the Claim" section the following:

> HOUSE HAD A FLOOD DUE TO PIPE BURSTING, LIBERTY/OCWEN PROMISED TO FIX AND REIMBURSE FOR DAMAGES, TO THIS DATE NO REIMBURSEMENT HAS BEEN FORTHCOMING NOR HAVE ANY REPAIRS BEEN DONE. WATER SERVICE WAS FULLY CUT FOR A PERIOD OF FIVE BUSINESS DAYS, LIBERTY/OCWEN IS EVICTING TO GET OUT OF PAYMENT.

(ECF No. 1 at 4.) In the "Irreparable Injury" section of the Complaint, the Plaintiffs assert that eviction would adversely affect their four minor disabled children; that they have no other housing option that would allow the family unit to remain intact; that they would suffer continued financial hardship; and that they would lose a large part of their claim if they move out (presumably in this action). (*Id.* at 5.) In the "Relief" section of the Complaint, the Plaintiffs seek, in addition to monetary damages, "injunction against execution of eviction until a jury trial can be held. . . ." (*Id.* (capitalization omitted).)

The allegations of the Complaint unquestionably "arise[] out of a landlord-tenant dispute over which the federal courts simply have no jurisdiction." *Ally v. Sukkar*, 128 Fed. Appx. 194, 195 (2d Cir. 2005) (summary order). "Federal courts do not have subject matter jurisdiction over landlord-tenant matters. Wrongful eviction claims, whether for a temporary or final eviction, are state law claims, and this Court lacks subject matter jurisdiction over them." *Jordan v. Levine*, No.

12-cv-03527 (RRM) (JO), 2012 WL 2921024, at *2 (E.D.N.Y. July 17, 2012) (collecting cases), *aff'd*, 536 Fed. Appx. 158 (2d Cir. 2013) (summary order); *accord Allied Manor Rd. LLC v. Berrios*, No. 17-cv-02277 (WKF)(RML), 2017 WL 5558650, at *1 (E.D.N.Y. Apr. 20, 2017) (same), *appeal dismissed*, No. 17-1257, 2017 WL 8232189 (2d Cir. July 18, 2017), *cert. denied*, 138 S. Ct. 455 (2017); *Abubakari v. Jianchao Xu*, No. 3:18-cv-00972 (JAM), 2018 WL 2971099, at *2 (D. Conn. June 12, 2018) ("Landlord-tenant disputes are ordinarily governed by state law, not federal law.").

In addition, to the extent the Plaintiffs ask this Court to invalidate or to enjoin enforcement of a state court order, the *Rooker-Feldman* doctrine[1] precludes federal courts from reviewing adverse state court judgments, such as the one entered in the underlying state housing court matter. *See Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018). Indeed, courts consistently apply the *Rooker-Feldman* doctrine when dismissing matters arising from summary process or eviction proceedings in a state court. *Morris v. Rosen*, 577 Fed. Appx. 41 (2d Cir. 2014) (summary order) (affirming dismissal of complaint alleging due process violations resulting from plaintiff's eviction "because [plaintiff's] claimed injury stems from the adverse state court holdover judgment, review of that judgment is precluded by *Rooker–Feldman*"); *Jordan v. Levine*, 536 Fed. Appx. 158, 159 (2d Cir. 2013) (summary order) (affirming dismissal of complaint seeking an order staying the enforcement of a state court warrant of eviction as barred by the *Rooker–Feldman* doctrine); *Babalola v. B.Y. Equities, Inc.*, 63 Fed. Appx. 534, 536 (2d Cir. 2003) (summary order) (affirming dismissal of complaint for lack of jurisdiction where "a review of the complaint would necessitate an inquiry into the propriety of the eviction warrant issued by the housing court . . . [which] is clearly barred under the *Rooker-Feldman* doctrine."); *Rene v. Citibank NA*, 32 F. Supp.

---

[1] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

2d 539, 543 (E.D.N.Y. 1999) ("The claims raised in the plaintiffs' Complaint implicate the propriety of the state judgment of foreclosure and eviction — the very issues apparently decided by the state court. Because the *Rooker-Feldman* doctrine compels a federal court to give full faith and credit to the judgments of state courts . . . , this Court is without subject matter jurisdiction to hear this case.").

For the foregoing reasons, the Complaint is DISMISSED and the Clerk of the Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 19th day of November 2019.

                                        */s/ Kari A. Dooley*
                                        KARI A. DOOLEY
                                        UNITED STATES DISTRICT JUDGE